THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Lawrence Cuzzi, Jeffrey Burke, Michelle Fotev,
Daniel Healy, Lawrence Manning, Patrick Nuzzi,
Patrick Palmer, Jack St. Hillaire, Peter Torchio

       Plaintiffs

v.

Trustees of Boston University,

       Defendant

USDC Case No. _____

**COMPLAINT OF VIOLATION OF
THE FAIR LABOR STANDARDS ACT AND MASSACHUSETTS WAGE ACT**

**INTRODUCTION**

1.    Lawrence Cuzzi, Jeffrey Burke, Michelle Fotev, Daniel Healy,

Lawrence Manning, Patrick Nuzzi, Patrick Palmer, Jack St. Hillaire, Peter

Torchio are current and former police patrol sergeants who are or were

employed by Trustees of Boston University, Boston, Massachusetts, within the

Boston University Police Department, for all or a portion of the period between

October 17, 2014 and August 12, 2017.  This group of individuals shall be

referred to hereinafter as "Plaintiffs."

2.    Each of the Plaintiffs is or was an "employee" within the meaning

of both federal and state wage and hour laws between October 17, 2014 and

August 12, 2017, as follows:

        (a)    Section 203(e) of the Fair Labor Standards Act of
               1938, as amended, 29 U.S.C. § 201 et seq.
               ("FLSA"); and,

(b)    General Laws chapter 149, sections 148, 150 (Massachusetts "Wage Act").

3.    The Defendant in this action is the Trustees of Boston University, Boston, Massachusetts (hereinafter "University").

4.    The University is an "employer" within the meaning of Section 203(b) of the FLSA, as amended, 29 U.S.C. §201 et seq.; and, "a person having employees in his service" and "employer" within the meaning G. L. c.149, §§148, 150.

5.    By this complaint Plaintiffs seek unpaid overtime wages, as well as "liquidated damages" under the FLSA, and "treble damages" under the Massachusetts Wage Act, plus attorneys fees and costs incurred in this action, and other applicable relief under the FLSA and Massachusetts Wage Act, for the period between October 17, 2014 and August 12, 2017.

6.    On October 12, 2017, the undersigned law firm of McDonald Lamond Canzoneri filed a complaint with the Massachusetts Attorney General pursuant to G. L. c. 149, § 150 on behalf of Plaintiff Lawrence Cuzzi and similarly situated current and former police patrol sergeants employed by Boston University for violation of the Massachusetts Wage Act.

## JURISDICTION

7.    Jurisdiction over this action is conferred on the court for the FLSA claim by 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337; and for the Massachusetts Wage Act claim by G. L. c.149, § 150, as well as the federal supplemental jurisdiction statute 28 U.S.C. § 1367(a).

2

8.     This court is the proper venue for this action pursuant to 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

9.     Between October 17, 2014 and August 12, 2017 seven of the nine Plaintiffs—Lawrence Cuzzi, Jeffrey Burke, Michelle Fotev, Lawrence Manning, Patrick Nuzzi, Patrick Palmer, and Jack St. Hillaire—were scheduled to work a so-called "4-2" schedule, consisting of a recurring pattern of four consecutive days working an 8.5 hour shift, followed by two days off.

10.    The 4-2 schedule pattern described supra ¶9 resulted in a recurring pattern over 6 calendar (pay) weeks and annually as follows:

> (a)    for 4 of the 6 calendar weeks, Plaintiffs who worked the 4-2 schedule worked 42.5 hours, 5 shifts per workweek at 8.5 hours each shift;
>
> (b)    in 2 of 6 calendar weeks Plaintiffs who worked the 4-2 schedule worked 34 hours, 4 shifts per workweek at 8.5 hours each shift; and,
>
> (c)    over the course of a calendar year, Plaintiffs who worked the 4-2 scheduled worked a total of 35 of 52 weeks at 42.5 hours per workweek and the remaining 17 of 52 at 34 hours per workweek.

11.    Between October 17, 2014 and August 12, 2017 two of the nine Plaintiffs—Daniel Healy and Peter Torchio—worked a "5-2 schedule" consisting of working 8 hours a day, Monday through Friday, 40 hours a week.

12.    Between October 17, 2014 and August 12, 2017 the University paid all Plaintiffs one twelfth (1/12th) of their annual salary, once per month.

13.    Between October 17, 2014 and August 12, 2017 Plaintiffs that worked the 4-2 schedule were not paid any additional compensation for the 2.5 hours each of them worked in excess of forty hours in a workweek, let alone overtime wages, for workweeks when they worked 42.5 hours pursuant to their regular, recurring 4-2 schedule pattern.

14.    Between October 17, 2014 and August 12, 2017 the University paid all Plaintiffs a straight time rate of approximately $56.00 per hour for each hour worked in excess of each Plaintiff's regularly planned "4-2" or "5-2" schedule, said amount being paid twice a month as described infra at ¶15.

15.    The timing for payment of the $56.00 per hour rate described supra at ¶14 was as follows:  (a) if the additional hours were performed between the first and fifteenth of the month then the additional $56.00 per hour straight time compensation would be paid in the monthly paycheck that included Plaintiff's regularly monthly salary; (b) if the additional hours were performed between the sixteenth and last day of the month then the additional $56.00 per hour straight time compensation would be paid in a separate paycheck issued in the middle of the month.

**COUNT I (FLSA)**

16.    With respect to the first count, Plaintiffs incorporate by reference and allege each of the foregoing paragraphs 1-15.

17.    The University willfully and intentionally violated the FLSA and failed to pay Plaintiffs all overtime required by the FLSA by—failing to pay any additional compensation to Plaintiffs who worked the 4-2 schedule when such

4

Plaintiffs worked 2.5 hours in excess of 40 hours in workweeks in which they were regularly scheduled to work 42.5 hours between October 17, 2014 and August 12, 2017.

18.     The University willfully and intentionally violated the FLSA and failed to pay all Plaintiffs all overtime required by the FLSA by—paying all Plaintiffs only $56.00 per hour for hours worked by all Plaintiffs in excess of their planned "4-2" or "5-2" schedules between October 17, 2014 and August 12, 2017.

## COUNT II (WAGE ACT)

19.     With respect to the second count, Plaintiffs incorporate by reference and allege each of the foregoing paragraphs 1-18.

20.     Plaintiff's "earned" overtime wages because they completed labor in excess of 40 hours per week for several workweeks between October 17, 2014 through August 12, 2017, and were entitled to overtime pay for any weekly hours worked in excess of 40 hours per week pursuant to the FLSA.

21.     Plaintiff's "earned" their regular non-overtime wages because they completed labor for several workweeks between October 17, 2014 through August 12, 2017, and were entitled to timely, weekly payment of such regular non-overtime wages rather than payment on a monthly basis.

22.     Because the University failed to pay these "earned" regular and overtime wages within seven days of the termination of the relevant pay periods, the University violated G. L. c. 149, §§ 148, 150.

## COUNT III (WAGE ACT)

23.    With respect to the third count, Plaintiffs incorporate by reference and allege each of the foregoing paragraphs 1-22.

24.    Because the Wage Act required the University to pay the Plaintiffs weekly or bi-weekly, and because it instead paid them monthly, the University violated G. L. c. 149, §§ 148, 150.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

A.    Order the Defendant, under supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate accounting of unpaid overtime compensation owing to each Plaintiff under the FLSA starting three years prior to the date that the instant complaint was filed in Federal District Court to on or about August 12, 2017.

B.    Enter a judgment under FLSA Section 216 against Defendant for payment of back wages for unpaid overtime compensation—plus an equal amount in liquidated damages—owing to each Plaintiff for the three years prior to the date that the instant complaint was filed in Federal District Court to August 12, 2017,[1] plus all reasonable attorneys' fees and costs incurred by Plaintiffs in prosecuting this FLSA complaint.

C.    Order the Defendant, under supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate

---

[1]    Assuming arguendo that no liquidated damages are held owing for any portion of the backpay liability—and Plaintiffs in now way concede that point—Plaintiffs then respectfully request that the Court enter a judgment against Defendant for prejudgment statutory interest on all such amounts.

accounting of non-overtime compensation that was earned and paid to Plaintiffs in excess of 7-days following the conclusion of the pay period, and unpaid overtime compensation owing to each Plaintiff, under the G. L. c. 149, §§ 148, 150, starting three years prior to the date that the instant complaint was filed in Federal District Court to August 12, 2017.

D.     Enter a judgment under G. L. c. 149, §§ 148, 150 against Defendant for payment of unpaid, earned compensation and late paid compensation — plus an equal amount in treble damages—owing to each Plaintiff for the three years prior to the date that the instant complaint was filed in Federal District Court to August 12, 2017, plus all reasonable attorneys' fees and costs incurred by Plaintiffs in prosecuting the Massachusetts Wage Act claims.

E.     Enter orders and judgments as may otherwise be a just and proper to remedy the University's unlawful violations of the statutes relayed above.

Respectfully submitted,

On behalf of the Plaintiffs,

By Plaintiffs' Counsel:

/s/ Jack J. Canzoneri
Jack J. Canzoneri, BBO #564126
jcanzoneri@masslaborlawyers.com
Dennis M. Coyne, BBO #681389
dcoyne@masslaborlawyers.com
McDonald Lamond Canzoneri
352 Turnpike Road, Suite 310
Southborough, MA  01772-1756
(508) 485-6600

Dated:  October 17, 2017